IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
Winchester Division

| | |
|---|---|
| Mitzi Trussell, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| Grundy County, Crystal Stiefel, ) | JURY DEMAND (12) |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## COMPLAINT

Comes now the Plaintiff, Mitzi Trussell ("Plaintiff" or "Ms. Trussell"), by and through her undersigned counsel, and respectfully submits this Complaint and states as follows:

### INTRODUCTION

1. This cause of action arises out of Defendant Crystal Stiefel's ("Defendant Stiefel") wrongful termination of Plaintiff's employment in violation of Plaintiff's First Amendment rights to free association and free speech.

### PARTIES

2. At all relevant times Plaintiff was and is a citizen and resident of Grundy County, Tennessee.

3. At all relevant times Defendant Stiefel was and is a citizen and resident of Grundy County, Tennessee. Defendant Stiefel is sued in her individual and official capacity.

4. At all relevant times, Grundy County was and is a county government organized and existing under the laws of the State of Tennessee.

5. Defendant Stiefel, pursuant to Tenn. Code Ann. § 18-1-103, is required to "take an oath to support the constitutions of the United States and of this state, and to execute the duties of the office without prejudice[.]"

6. Defendant Stiefel is empowered under Tenn. Code Ann. § 18-1-108 with the authority to "[a]ppoint deputies with full power to transact all the business of the clerk, such deputy first taking an oath to support the constitution and laws of this state, and faithfully to discharge the duties of deputy clerk of the court for which the deputy acts[.]" Accordingly, Defendant Stiefel, in her official capacity as Circuit Court Clerk, has final policymaking authority with regard to employment decisions for the purposes of 42 U.S.C. § 1983.

7. In addition, Defendant Stiefel, as an appointed official and department head, has the statutory authority under Tenn. Code Ann. § 5-23-108, authority "to make decisions and adopt policies . . . concerning hiring, compensation, promotions, transfers, layoffs, discipline, termination, and other employment matters for the employees of their respective offices."

8. Grundy County is a "person" for the purposes of 42 U.S.C. § 1983.

9. At all relevant times, Grundy County was and is responsible for the actions of its employees.

10. At all relevant times, Grundy County and its employee, Defendant Stiefel, acted within the course and scope of their employment.

11. At all relevant times, the acts, omissions, customs, practices, and other conduct of Defendant Stiefel and Grundy County that gave rise to this action were committed under the color of state law.

2

Case 4:18-cv-00052-TRM-SKL   Document 1   Filed 08/13/18   Page 2 of 9   PageID #: 2

## JURISDICTION AND VENUE

12. Plaintiff incorporates the foregoing paragraphs as if restated here, verbatim.

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as Plaintiff's claims arise under the laws of the United States, specifically the First Amendment of the Constitution of the United States.

14. This Court possesses personal jurisdiction over the parties, who are residents of the State of Tennessee.

15. Venue is proper in this Court under 28 U.S.C. § 1391(b), as Defendants reside in this district, and all of the conduct giving rise to Plaintiff's claims occurred in this district.

## FACTUAL BACKGROUND

16. Plaintiff incorporates by reference the foregoing paragraphs as if restated here, verbatim.

17. In July 2017, the Circuit Court Clerk resigned, and Defendant Stiefel was appointed as Circuit Court Clerk.

18. Defendant Stiefel was far less experienced than Plaintiff—in fact, before Defendant Stiefel was appointed as Circuit Court Clerk, Plaintiff was responsible for training her.

19. Despite Defendant Stiefel's inexperience and frequent errors, she and Plaintiff enjoyed a healthy working relationship.

20. Plaintiff's duties as Deputy Clerk were clerical in nature.

21. Over the course of the next year, Defendant Stiefel campaigned for election to her position as Circuit Court Clerk.

22. In her personal, off-duty time, Plaintiff began openly supporting one of Defendant Stiefel's opponents, Penny Smartt Sons ("Ms. Smartt Sons"), because Plaintiff believed Ms. Smartt Sons was the most qualified and experienced candidate.

23. Plaintiff's support for Ms. Smartt Sons consisted of displaying campaign signs, vocalizing support in the community, attending campaign events, and appearing in photos on social media in support of Ms. Smartt Sons. Plaintiff's support of Ms. Smartt Sons was common knowledge in the community.

24. Plaintiff's support of Defendant Stiefel's opponent Ms. Smartt Sons angered Defendant Stiefel.

25. In the days leading up to the election, Defendant Stiefel became so infuriated over Plaintiff's support of Ms. Smartt Sons that Defendant Stiefel irately confronted Plaintiff about it at work and demanded to know why she was not supporting her (Defendant Stiefel's) candidacy.

26. Plaintiff calmly explained to Defendant Stiefel that her decision was not personal and that she was supporting Ms. Smartt Sons because she felt that Ms. Smartt Sons was the most qualified and experienced candidate.

27. On Tuesday, May 1, 2018, Defendant Stiefel lost the election to Ms. Smartt Sons.

28. The following day, when Defendant Stiefel came into the Office, she spoke to all other employees but did not speak to Plaintiff.

29. Defendant Stiefel did not report to the Office on Thursday, May 3, 2018.

30. On Friday, May 4, 2018, however, Defendant Stiefel came into the Office and intentionally and maliciously fired Plaintiff.

31. Prior to her termination, Plaintiff was a dedicated employee of Grundy County, most recently serving for nearly three years as Deputy Clerk in the Circuit Court Clerk's Office.

During that time, she was an exemplary employee with a pristine personnel record and no history of formal disciplinary action.

32. Since being terminated, Plaintiff has encountered difficulty in finding new employment and has been subjected to undue stress, mental anguish, embarrassment, humiliation, and loss of economic opportunities, in addition to lost wages and benefits.

33. At all relevant times, Defendant Stiefel acted intentionally and maliciously to harm Plaintiff by firing her.

**COUNT I: VIOLATION OF THE RIGHT TO FREE ASSOCIATION**
**Pursuant to the First Amendment of the U.S. Constitution and 42 U.S.C. § 1983**
**(Defendant Stiefel & Grundy County)**

34. Plaintiff incorporates the foregoing paragraphs as if restated here, verbatim.

35. At all relevant times herein, Defendants' conduct was subject to 42 U.S.C. §§ 1983 and 1988.

36. Defendant Stiefel intentionally and maliciously terminated Plaintiff for politically-motivated and vindictive reasons related to Plaintiff's support of Defendant Stiefel's prevailing opponent, Ms. Smartt Sons, in the recent election.

37. Plaintiff did not have the discretionary authority or responsibility to make policy decisions on behalf of the Circuit Court Clerk's Office, nor did Plaintiff serve as a confidential advisor to the Circuit Court Clerk.

38. Thus, Defendant Stiefel's termination of Plaintiff based on Plaintiff's political association or beliefs violated Plaintiff's rights under the First Amendment of the Constitution of the United States.

39. Grundy County, as Plaintiff's former employer, is liable for Defendant Stiefel's unlawful discharge of Plaintiff in violation of her constitutional rights.

40. Plaintiff has no remedy under Tennessee State law for her termination.

41. As a direct result of Defendants' actions, Plaintiff has sustained damages, including but not limited to mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits.

42. Plaintiff is therefore informed and believes she is entitled to judgment against Defendants for actual and punitive damages, as well as reasonable attorney's fees and court costs.

### COUNT II: VIOLATION OF THE RIGHT TO FREE SPEECH
**Pursuant to the First Amendment of the U.S. Constitution and 42 U.S.C. § 1983 (Defendant Stiefel & Grundy County)**

43. Plaintiff incorporates the foregoing paragraphs as if restated here, verbatim.

44. Defendant Stiefel intentionally and maliciously terminated Plaintiff for politically-motivated and vindictive reasons related to Plaintiff's speech, which was both political in nature and on a matter of public importance.

45. Plaintiff's speech did not affect the efficiency of the Circuit Court Clerk's Office, and even if it did, Plaintiff's right to participate in the democratic process and speak on political matters of public importance outweighs Grundy County's interest in efficiency of government services.

46. Thus, neither Defendant Stiefel nor Grundy County had any countervailing interest in suppressing Plaintiff's speech.

47. Accordingly, Plaintiff's termination was a violation of Plaintiff's rights to free speech under the First Amendment of the Constitution of the United States.

48. Grundy County, as Plaintiff's former employer, is liable for Defendant Stiefel's unlawful discharge of Plaintiff in violation of her constitutional rights.

49.     Plaintiff has no remedy under Tennessee State law for her termination.

50.     As a direct result of Defendants' actions, Plaintiff has sustained damages, including but not limited to mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits.

51.     Plaintiff is therefore informed and believes she is entitled to judgment against Defendants for actual and punitive damages, as well as reasonable attorney's fees and court costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a trial of this cause by a jury of twelve (12) and pray for a determination of the following:

(i)     that the Defendant be cited to appear and answer;

(ii)    that the judgment be entered against the Defendant for the compensatory damages in an amount to be determined at trial, not less than Two Hundred Fifty Thousand Dollars ($250,000);

(iii)   that judgment be entered against the Defendant for the punitive damages in an amount to be determined at trial, not less than Seven Hundred Fifty Thousand Dollars ($750,000);

(iv)    that Plaintiff be awarded Court costs, including discretionary costs; and

(v)     that Plaintiff be awarded such other and further relief as this Court deems necessary to effectuate justice between the parties.

**DATED** this the 13th day of August, 2018.

                                          Respectfully submitted,

                                          /s/ J. Alex Little

                                        J. Alex Little (029858)
                                        Zachary C. Lawson (036092)
                                        Bone McAllester Norton PLLC
                                        511 Union Street, Suite 1600
                                        Nashville, Tennessee 37219
                                        Telephone: (615) 238-6300
                                        Facsimile: (615) 238-6301
                                        alex.little@bonelaw.com
                                        zlawson@bonelaw.com

                                        *Attorneys for Plaintiff Mitzi Trussell*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August, 2018, a true and correct copy of the foregoing document has been forwarded, via U.S. Mail, postage prepaid, to the following:

[]

                                        /s/ J. Alex Little

                                        J. Alex Little
                                        *Counsel for Plaintiff Mitzi Trussell*

## COST BOND

Undersigned agrees to act as surety for costs in this cause.

_____
J. Alex Little