**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION**

| | | |
|---|---|---|
| MITZI TRUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:18-cv-00052-TRM-SKL |
| | ) | |
| v. | ) | **JURY DEMAND** |
| | ) | |
| GRUNDY COUNTY & | ) | |
| CRYSTAL STIEFEL, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER

Defendants, by and through counsel, file with the Court their Answer to Plaintiff's Complaint as follows:

### INTRODUCTION

1. Paragraph 1 fails to make an allegation of fact that can be specifically admitted or denied but rather states a conclusion. In further response, Defendants admit that this case is based on a claim of wrongful termination but it is denied Plaintiff was terminated for the reasons stated in paragraph 1.

### PARTIES

2. Upon information and belief, the allegations of paragraph 2 are admitted.

3. The allegations of the first sentence of paragraph 3 are admitted. The second sentence of paragraph 3 fails to state a fact that can be either admitted or denied but rather states a conclusion of law.

4. The allegations of paragraph 4 are admitted.

5. In response to paragraph 5, it is admitted that Ms. Stiefel as Circuit Court Clerk was required to take an oath of office and that paragraph 5 contains an accurate although partial quote of the referenced code section.

6. In response to the first sentence of paragraph 6, it is admitted that the same contains an accurate although partial quote of Tenn. Code Ann. § 18-1-108. In response to the second sentence of paragraph 6, the same fails to make a statement of fact that can be either admitted or denied but rather states a conclusion of law.

7. In response to paragraph 7, it is admitted that the same contains and states a partial an accurate although partial quote of Tenn. Code Ann. § 5-23-108.

8. Paragraph 8 fails to make a statement of fact that can be either admitted or denied but rather states a conclusion of law.

9. Paragraph 9 fails to make a statement of fact but rather states a conclusion of law.

10. In response to paragraph 10, Defendants are unable to admit or deny the same because it fails to define "all relevant times." In further response, Grundy County did not act within the scope of its employment at any time but rather was Ms. Stiefel's employer.

11. Paragraph 11 fails to make a statement of fact that can be either admitted or denied but rather states a conclusion of law.

## JURISDICTION AND VENUE

12. Defendants incorporate by reference their answers to paragraphs 1-11 above.

13. In response to paragraph 13, Defendants do not object to subject matter jurisdiction in this Court.

14. In response to paragraph 14, Defendants do not object to personal jurisdiction in this Court.

15. In response to paragraph 15, Defendants do not object to venue in this Court.

## FACTUAL BACKGROUND

16. Defendants incorporate by reference their answers to paragraphs 1-15 above.

17. The allegations of paragraph 17 are admitted.

18. The allegations of paragraph 18 are denied as alleged.

19. The allegations of paragraph 19 are denied.

20. The allegations of paragraph 20 are admitted.

21. In response to the allegations of paragraph 21, it is admitted that at various times throughout the year Ms. Stiefel campaigned for election.

22. In response to paragraph 22, it is not known all times that Plaintiff supported Ms. Stiefel's opponent, Penny Smartt Sons, in the election, but it is admitted Plaintiff openly supported Ms. Smartt Sons for a significant period of time following Ms. Stiefel's appointment as Circuit Court Clerk while Plaintiff continued in her employment as a court clerk.

23. The allegations of paragraph 23 are admitted.

24. The allegations of paragraph 24 are denied.

25. The allegations of paragraph 25 are denied.

26. The allegations of paragraph 26 are denied as alleged.

27. In response to paragraph 27, it is admitted that Ms. Stiefel lost the election.

28. The allegations of paragraph 28 are denied.

29. The allegations of paragraph 29 are admitted.

30. The allegations of paragraph 30 are denied as alleged. In further response, however, it is admitted that Plaintiff was terminated by Ms. Stiefel on May 4, 2018.

31. In response to the first sentence of paragraph 31, it is admitted that prior to her termination Plaintiff was employed in the Circuit Court Clerk's office for approximately three (3) years. The allegations of the second sentence of paragraph 31 are denied as alleged.

32. Defendants lack sufficient information or knowledge to form a belief as to the veracity of the allegations of paragraph 32. In further response, Defendants deny being liable or responsible to Plaintiff for any claimed damages as may be set forth in paragraph 32.

33. The allegations of paragraph 33 are denied.

## **COUNT ONE: VIOLATION OF THE RIGHT TO FREE ASSOCIATION**

34. Defendants incorporate by reference their answers to paragraphs 1-33 above.

35. Paragraph 35 fails to make an allegation of fact that can either be admitted or denied but rather states a conclusion of law.

36. The allegations of paragraph 36 are denied.

37. The allegations of paragraph 37 are admitted.

38. The allegations of paragraph 38 are denied.

39. The allegations of paragraph 39 are denied.

40. Paragraph 40 fails to state a fact that can either be admitted or denied but rather states a conclusion of law.

41. Defendants lack sufficient information or knowledge to form a belief as to what damages Plaintiff may be claiming in this matter but deny being liable or responsible for the same.

42. The allegations of paragraph 42 are denied.

## **COUNT TWO: VIOLATION OF THE RIGHT TO FREE SPEECH**

43. Defendants incorporate by reference their answers to paragraphs 1-42 above.

44. The allegations of paragraph 44 are denied.

45. The allegations of paragraph 45 are denied.

46. The allegations of paragraph 46 are denied.

47. The allegations of paragraph 47 are denied.

48. The allegations of paragraph 48 are denied.

49. Paragraph 49 fails to make an allegation of fact that can either be admitted or denied but rather states a conclusion of law.

50. Defendants lack specific information or knowledge to form a belief as to the damages Plaintiff claims in this matter but in any event denies being liable or responsible for the same.

51. Defendants deny the allegations of paragraph 51.

52. Any and all other allegations of Plaintiff's Complaint not specifically admitted, denied or otherwise explained above be and the same are hereby denied.

## FIRST AFFIRMATIVE DEFENSE

Although Plaintiff has made a claim for punitive damages as part of her prayer for relief, punitive damages are not recoverable from Grundy County as a governmental entity in a § 1983 case. Therefore to the extent that Plaintiff's Complaint seeks punitive damages from Grundy County based on the § 1983 allegations in her Complaint the same must be dismissed and fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has asserted claims and relied upon the theory of vicarious liability in her Complaint, to include her claims under 42 U.S.C. § 1983. Vicarious liability, including respondeat superior, is not applicable to Plaintiff's stated causes of action and therefore to the extent that Plaintiff has asserted the same in her Complaint they must be dismissed.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's exercise of her right to free speech in support of the political candidate of her choosing was not a motivating factor, substantial or otherwise, for Plaintiff's termination. Rather,

Plaintiff was terminated for legitimate reasons not related to her claimed exercise of free speech and political support. Accordingly, Plaintiff's Complaint against Defendants must be dismissed.

**FOURTH AFFIRMATIVE DEFENSE**

The decision to terminate Plaintiff's employment would have been the same and the same action taken regarding Plaintiff's employment would have occurred even in the absence of Plaintiff's alleged exercise of free speech in support of a political opponent. Plaintiff's alleged exercise of free speech in support of a political opponent was not the cause of her termination. Accordingly, Plaintiff is not entitled to the relief prayed for in her Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to the relief prayed for in her Complaint against Crystal Stiefel based on the doctrine of qualified immunity.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's termination was based on legitimate reasons and based on Plaintiff's misconduct while serving as a Clerk of Court for Grundy County. Plaintiff's termination therefore was not related to her claimed and alleged exercise of free speech and political support and therefore Plaintiff's Complaint must be dismissed.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim or cause of action against Defendants upon which relief can be granted.

**WHEREFORE,** having fully answered, Defendants pray that Plaintiff's Complaint against them be dismissed with prejudice and on the merits and that Defendants be awarded their reasonable and necessary attorney's fees incurred in the defense of this case.

Respectfully submitted,

**SPICER RUDSTROM, PLLC**

BY: /s/ Thomas E. LeQuire
Thomas E. LeQuire, BPR # 06875
B. Thomas Hickey, Jr., BPR #019105
Attorneys for Defendants
537 Market Street, Suite 203
Chattanooga, TN 37402
P: (423) 756-0262
F: (423) 756-8489

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of September, 2018, I electronically filed this document along with any exhibits with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Joseph Alexander Little, IV
Bone, McAllester & Norton, PLLC
511 Union Street, Suite 1600
Nashville, TN 37219

**SPICER RUDSTROM, PLLC**

BY: /s/ Thomas E. LeQuire